# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>17 Bridge St, Lewiston, Maine; )<br>1830 Lisbon Street, Lewiston, Maine; )<br>230 Merrow Road, Auburn, Maine; )<br>249 Merrow Road, Auburn, Maine; )<br>with all appurtenances and )<br>improvements thereon, )<br>)<br>**Defendants** *in rem*. ) | Civ. No. 18- |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by and through its attorneys, Halsey B. Frank, United States Attorney for the District of Maine, and Donald E. Clark, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461 which provide for the forfeiture of real property that facilitated drug trafficking, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

### JURISDICTION AND VENUE

2. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Venue is proper in this district: (a) pursuant to 28 U.S.C. §1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district and (b) pursuant to 28 U.S.C. § 1395(b) because the property is located in this district.

## THE DEFENDANTS *IN REM*

3. The defendants *in rem* are real properties located at the following Maine addresses, and more particularly described in municipal tax records as the map/lot number or parcel id reflected below and the deeds on file at the Androscoggin County Registry of Deeds:

| Address | City/Town | Owner of Record | Map/Lot or Parcel ID | Deed Book/Page |
|---|---|---|---|---|
| 17 Bridge Street | Lewiston | Comvest, Inc. | 206/000/145 | 9267/238 |
| 1830 Lisbon St | Lewiston | 1830 Lisbon St., LLC | 069/000/012 | 9579/185 |
| 230 Merrow Rd | Auburn | MR, LLC | 186-005 | 9489/158 |
| 249 Merrow Rd | Auburn | Ty Properties, LLC | 186-012 | 9733/341 |

4. The defendant *in rem's* owners of record are associated with the following individuals:

| Owner of Record | Associated Person | Title | Source |
|---|---|---|---|
| Comvest, Inc. | Timothy Veilleux | President, Treasurer, and Shareholder | Maine Secretary of State records |
| 1830 Lisbon St., LLC | Timothy Veilleux | Member, manager, or authorized person of LLC | Maine Secretary of State records |
| MR, LLC | Kevin Dean | Member, manager, or authorized person of LLC | Maine Secretary of State records |
| MR, LLC | Brian Bilodeau | Member, manager, or authorized person of LLC | Bank records |
| Ty Properties, LLC | Tyler Poland | Member/Manager of LLC | Androscoggin Registry of Deeds records |

## STATEMENT OF PROBABLE CAUSE

5. Since 2016, the U.S. Drug Enforcement Administration, assisted by the Internal Revenue Service – Criminal Investigations, and other law enforcement agencies, have been investigating a drug trafficking organization located in the Lewiston-Auburn area that from about the Fall of 2012 to about February 2018 grew and distributed hundreds of pounds of marijuana per month under the cover, but in violation, of Maine's Medical Marijuana

program.

6.  The drug trafficking organization: (a) distributed marijuana to people who were not participants in Maine's Medical Marijuana program, including customers from outside of Maine; (b) grew marijuana as a precursor for the illegal manufacture of marijuana concentrate (also known as "Dabs," "Slabs," "Shatter," or "Butane Hash Oil"); (c) engaged in the laundering of illegally derived income; (d) held properties in the names of corporations and third parties to conceal the true owner of criminally-derived assets; and (e) recruited people to act as caregivers and patients to give the marijuana grows and distribution the cover of legitimacy under Maine's Medical Marijuana program.

7.  Person-A was the leader of the organization and was responsible for the overall management of the illegal drug organization. In 2004, Person-A was convicted in the U.S. District Court for the District of Maine of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana. This conviction disqualified Person-A from participating in Maine's Medical Marijuana program.[1]

8.  Richard Daniels was one of the organizations primary distributors. Daniels received bulk marijuana to distribute and to illegally process into marijuana concentrate. Daniels manufactured marijuana concentrate at his residence and a detached garage located

---

[1] 22 M.R.S.A. § 2422 provides that "A person who is a primary caregiver must be at least 21 years of age and may not have been convicted of a **disqualifying drug offense.**" This section defines a "disqualifying drug offense " as a conviction for a violation of a state or federal controlled substance law that is a crime punishable by imprisonment for one year or more. It does not include:

    A. An offense for which the sentence, including any term of probation, incarceration or supervised release, was completed 10 or more years earlier; or

    B. An offense that consisted of conduct that would have been permitted under this chapter.

in Lewiston. Daniels distributed marijuana, marijuana concentrate, and other controlled substances to people from inside and outside of Maine. In 2005, Daniels was convicted in Maine State Court of aggravated drug trafficking. This conviction disqualified Daniels from participating in Maine's Medical Marijuana program. Over the course of the investigation, individuals acting under the direction of law enforcement agents purchased marijuana, marijuana concentrate, and other controlled substances from Daniels.

9. Person-B operated a marijuana grow at the defendant *in rem* property located at 17 Bridge Street, Lewiston for the organization.

10. Person-A and Person-B operated an illegal marijuana grow at the defendant *in rem* property located at 1830 Lisbon Street, Lewiston for the organization.

11. From the Fall of 2014 to the Fall of 2017, Brian Bilodeau was a facilitator and distributor of marijuana and marijuana concentrate for Person-A's drug trafficking organization. In about the Fall of 2017, Bilodeau partially severed his ties to Person-A's organization and started working with others to illegally grow and distribute marijuana. Bilodeau operated an illegal marijuana grow at the defendant *in rem* property located at 230 Merrow Road, Auburn. Bilodeau generated substantial sums of money from his involvement in drug trafficking.

12. Tyler Poland operated an illegal marijuana grow at the defendant *in rem* property located at 249 Merrow Road, Auburn for the organization.

13. On February 27 and 28, 2018, in connection with the investigation, federal search and seizure warrants issued by U.S. Magistrate Judge John H. Rich III were executed. Agents seized about $1.4 million in cash (including about $300,000 from bank accounts), 2,700 marijuana plants, 1,905 pounds of processed marijuana, a kilogram of MDMA

(commonly known as Ecstasy), and one-third kilogram of Alprazolam (a prescription drug). During the searches, marijuana concentrate laboratories were found at two locations, including at the defendant *in rem* property located at 249 Merrow Road, Auburn, which facilitated a closed loop butane THC extraction process to manufacture marijuana concentrate. These labs were not being operated in compliance with Maine's Medical Marijuana rules.

14. During the execution of the search warrants, agents seized the following from the defendant *in rem* properties:

  a. 17 Bridge Street, Lewiston – 157 mature marijuana plants, 53 immature marijuana plants;

  b. 1830 Lisbon Street, Lewiston – 769 marijuana plants, 255 pounds of processed marijuana and ledgers and calendar pages containing marijuana grow notations;

  c. 230 Merrow Road, Auburn – 321 marijuana plants and 181 pounds of processed marijuana; and

  d. 249 Merrow Road, Auburn – 608 marijuana plants, 333 pounds of processed marijuana, about 1 kilogram of suspected MDMA (Ecstasy), about a third of a kilogram of suspected Alprazolam, and $156,370 in U.S. Currency.

15. Following the execution of the warrants, three defendants were charged by criminal complaint in U.S. District Court in Portland with violating the Controlled Substances Act:

  a. Brian Bilodeau was charged with illegal possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and marijuana trafficking (50 kilograms or more), in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C);

5

      b.   Tyler Poland was charged with illegal Ecstasy and marijuana trafficking (50 kilograms or more), in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); and

      c.   Richard Daniels was charged with marijuana trafficking (50 kilograms or more) and manufacturing butane hash oil, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C).

## BASIS FOR FORFEITURE

16.   21 U.S.C. § 881(a)(7) which provided for the forfeiture of property that facilitated drug trafficking in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

17.   28 U.S.C. § 2461 which allows for the civil forfeiture of forfeitable property.

## CONCLUSION

18.   The United States does not request authority from the Court to seize the defendants *in rem* at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

      a.   post notice of this action and a copy of the Complaint on the defendants *in rem*;

      b.   serve notice of this action on the defendants *in rem* owner, and any other person or entity who may claim an interest in the defendants *in rem*, along with a copy of this Complaint; and

      c.   file a lis pendens in county records of the defendants *in rem's* status as a defendant in this *in rem* action.

WHEREFORE, the plaintiff respectfully asserts that there is probable cause to believe that the defendants *in rem* are forfeitable to the United States under 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461 and requests:

      a.    that the Court decree that the forfeiture of the defendants *in rem* to the United States under 21 U.S.C. § 881(a)(7) and 28 U.S.C. § 2461 is confirmed, enforced, and ordered;

      b.    that the Court thereafter order that the United States Marshal, or his delegate, dispose of the defendants *in rem* as provided by law; and

      c.    that the Court award Plaintiff United States all other relief to which it is entitled, including the costs of this action.

Dated at Portland, Maine this 2nd day of April, 2018.

                                    Respectfully submitted,

                                    HALSEY B. FRANK
                                    United States Attorney

                                    <u>/s/ Donald E. Clark</u>
                                    Donald E. Clark
                                    Assistant U.S. Attorney

VERIFICATION

Barry Kelly, being duly sworn, deposes and says that I am a Task Force Officer with the U.S. Drug Enforcement Administration and as such have responsibility for the within action, that I have read the foregoing complaint and know the contents thereof, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and information obtained by me during an investigation of alleged violations of Title 21, United States Code.

/s/ Barry Kelly
Barry Kelly
Task Force Officer
U.S. Drug Enforcement Administration

STATE OF MAINE
Cumberland, ss.

Subscribed and sworn to before me this 2nd day of April, 2018.

/s/ Laurie F. Janson
Notary Public
My commission expires:  9/05/2024